# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE HUNT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ELANA S. LANDAU, et al.,<br><br>　　　　Defendants. | 1:14-cv-01757---BAM<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO STATE A CLAIM |

**I.   <u>Screening Requirement and Standard</u>**

Plaintiff Maurice Hunt ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971).  Plaintiff consented to the jurisdiction of a United States Magistrate Judge.  (ECF No. 6.)  Plaintiff's complaint, filed on November 10, 2014, is currently before the Court for screening.  (ECF No. 1.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*."  Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991).  Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights.  See Bivens, 403 U.S. at 397.  To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

**II.     Plaintiff's Allegations**

Plaintiff currently is housed at the Federal Correctional Institution in Mendota, California.  Plaintiff names the following defendants:  (1) Assistant United States Attorney

2

Michael S. Frye; (2) Assistant United States Attorney Elana S. Landau; (3) Federal Bureau of Investigation Agent Nicholas Pottratz; (4) Fresno Police Detective David Fries; and (5) Unknown Sheriff's Deputies.

<u>Claim One</u>:

Plaintiff complains that Defendant Landau deprived him of a fair trial by withholding supplemental discovery that was exculpatory and/or would have undermined the Government's case. Plaintiff asserts that he received the Government's supplemental discovery on November 6, 2013, which was both post-trial and post-sentencing. The discovery was pre-dated August 6, 2013, when the trial occurred. Plaintiff contends that Defendant Frye was co-counsel with Defendant Landau and was aware of the withheld information.

Plaintiff further alleges that the withheld information contained reports authored by Defendant Pottratz and Fries. Defendants Pottratz and Fries attended the trial, which began on August 16, 2013, and they knew that there was material information that should have been turned over to the defense, prosecutor or the District Judge. Plaintiff contends that the failure to turn over the information deprived him of the right to a fair trial. Plaintiff also believes that the Fresno Police Department has other withheld discovery.

<u>Claim Two</u>:

Plaintiff alleges that Defendant Pottratz violated the warrant requirement by obtaining Plaintiff's phone recordings from unknown deputies at the Fresno County Jail. On August 8, 2013, Defendant Pottratz testified that he received the recordings after requesting all of Plaintiff's recorded calls. The unknown Sheriff's Deputies provided all of Plaintiff's recorded phone calls to Defendant Pottratz, including recordings between Plaintiff and his attorney discussing defense strategies and tactics.

Defendant Pottratz reportedly listened to and prepared a written report of Plaintiff's phone call with attorney Carl Faller. Plaintiff alleges that Defendant Pottratz turned this report over to Defendant Landau or Defendant Frye. At some point, Defendant Landau allegedly had the calls transcribed into a transcript. Defendant Landau then provided the court with an exhibit

listing attorney/client privileged calls, among other calls that Plaintiff made to his family and friends.

Prior to trial, Defendants Landau and Frye allegedly were aware of privileged conversations provided by Defendant Pottratz, which Fresno County Sheriff's Deputies had provided without a warrant. Defendant Pottratz reportedly testified at the trial after listening to attorney/client privileged communications. Plaintiff contends that this affected the fairness of the trial and the integrity of the judicial process. He claims violations of his Sixth, Fourteenth, First and Fourth Amendment rights.

Claim Three:

Plaintiff alleges that Defendant Fries falsified or fabricated evidence in his police reports. Defendant Fries reportedly testified before the Grand Jury on May 2, 2013, in a misleading fashion in order to satisfy federal jurisdiction under 18 U.S.C. § 1591(a)(1).

Plaintiff alleges that Defendant Landau knowingly put Defendant Fries on the stand and allowed his misleading testimony to go uncorrected before the Grand Jury.

Plaintiff further alleges that Defendant Landau included within court filings false/fabricated information in an attempt to mislead the court as to the evidence that would be relied upon to establish jurisdiction.

Relief Requested:

Plaintiff requests that the Court vacate the convictions and sentence in the matter of 1:13-cr-00189. Plaintiff additionally requests compensatory and punitive damages. Plaintiff also requests declaratory and injunctive relief against the Fresno County Sheriff's Department to stop recording and releasing an inmate's private and privileged phone calls without a warrant.

**III.   Discussion**

    **A.  Challenge to Criminal Proceedings**

As noted above, Plaintiff seeks to vacate his conviction and sentence in the matter of United States v. Hunt, 1:13-cf-00189-LJO-SKO-1. Plaintiff's constitutional claims, which include assertions of prosecutorial misconduct, lack of jurisdiction and falsified testimony, are essentially a challenge to his criminal proceedings and subsequent conviction. However, such

claims are barred in this action by the doctrine of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote and citation omitted) (emphasis in original). The Heck doctrine applies to Bivens actions. See Martin v. Sias, 88 F.3d 774, 775 (9th Cir. 1996) (holding that the rationale of Heck applies to Bivens actions).

In this instance, a determination of whether Plaintiff's rights were violated during the course of his criminal proceedings would necessarily imply the invalidity of his criminal conviction and sentence. Plaintiff has not alleged that his conviction or sentence has been reversed, declared invalid, expunged or called into question; rather, Plaintiff admittedly seeks to vacate his conviction and sentence by way of this action and he currently remains incarcerated. As these deficiencies cannot be cured by amendment, the Court finds Plaintiff's claims in this Bivens action are barred by Heck.

### B.  Injunctive Relief

To the extent Plaintiff seeks injunctive relief involving the recording of inmate phone calls while in the Sheriff's custody, his transfer to federal custody renders the request for injunctive relief moot as he will no longer be subject to the recording policies. See, e.g., Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996); Arnett v. Shojaie, 2011 WL 5434417, *13 (C.D. Cal. Nov. 8, 2011) (federal prisoner's transfer rendered claims for injunctive relief moot).

///

///

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim for relief under Bivens. The Court finds that the identified deficiencies are not curable by leave to amend. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 26, 2015**                         /s/ Barbara A. McAuliffe
                                                                     UNITED STATES MAGISTRATE JUDGE